UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUAY KHALED, | |
| Petitioner, | NO. 21 C 4300 |
| v. | |
| UNITED STATES OF AMERICA, | Judge Thomas M. Durkin |
| Respondent. | |

## MEMORANDUM OPINION AND ORDER

Petitioner Luay Khaled pled guilty to three counts of distribution of a controlled substance in violation of 21 U.S.C. § 841(a). He has filed a petition to stay the execution of his sentence, appoint counsel, and vacate his guilty plea pursuant to 28 U.S.C. § 2255. The petition is denied.

## Background

On April 24, 2019, Khaled was indicted by a grand jury for conspiring to manufacture, distribute, and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One); conspiring to manufacture, distribute, and possess with intent to distribute a controlled substance analogue, in violation of §§ 841(a)(1) and 846 (Count Two); distributing a controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Counts Three, Five, and Seven); and distributing a controlled substance analogue, in violation of 21 U.S.C. § 841(a)(1) (Counts Four and Six). *See* 18 C 863-2, R. 48.

On November 27, 2019, Khaled pled guilty to three counts of distribution of a controlled substance, namely, the synthetic cannabinoid 5F-MDMB-PINACA, in violation of 21 U.S.C. § 841(a)(1). 18 C 863-2, R. 88. On July 2, 2021, the Court sentenced Khaled to concurrent terms of 84 months' imprisonment. *Id*. at R. 164. Khaled did not appeal his conviction or his sentence.

Khaled filed his § 2255 motion, *pro se*, on August 12, 2021. The Court continued his surrender date until September 28, 2021, to give the government time to respond. R. 3. On September 22, 2021, the Court further stayed execution of Khaled's sentence until November 1, 2021 in order to review the parties' briefs. R. 11.

Khaled argues his counsel was constitutionally ineffective. He contends that his counsel failed to provide constitutionally adequate representation in the following ways: (1) advising Khaled to plead guilty when counsel allegedly knew Khaled did not have the requisite knowledge that 5F-MDMB-PINACA was a controlled substance; and (2) failing to challenge the indictment on the grounds that the statute was unconstitutionally vague. R. 1. Khaled further argues his plea was not knowing, intelligent, or voluntary. *Id*.

## Legal Standard

Constitutionally ineffective assistance of counsel occurs when "counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To be considered deficient, counsel's performance must have fallen "below an objective standard of reasonableness." *Id*. at 688. Courts view such claims with a "strong presumption" that a petitioner's attorney rendered adequate representation. *United*

2

*States v. Meyer*, 234 F.3d 319, 324-25 (7th Cir. 2000) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 381(1986)).

Khaled must show that "[counsel's] deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 688. In this context, "prejudice" means "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

## Analysis

Khaled argues his counsel was constitutionally ineffective for advising him to plead guilty. Khaled alleges that counsel knew Khaled lacked the requisite mental state to commit the offense, and failed to challenge the indictment on vagueness and lack of notice grounds. The Court addresses each argument in turn.

**I.    Counsel was Not Ineffective for Advising Khaled to Plead Guilty.**

Khaled argues counsel was ineffective for advising him to plead guilty despite knowing that Khaled did not know the substance at issue was a controlled substance. The record, however, indicates that Khaled knew he was distributing controlled substances, that he spoke about his knowledge with his attorney, and that he acknowledged these facts during his change of plea hearing. Counsel's advice to plead guilty, assuming for the sake of the § 2255 petition that he gave such advice, was not ineffective. In the context of a guilty plea, Khaled must show that but for counsel's deficient advice, he would have insisted on proceeding to trial. *Bethel v. United States*, 458 F.3d 711, 715 (7th Cir. 2006).

Khaled's allegations regarding his counsel's performance are conclusory. He states counsel knew he lacked the requisite knowledge for the offense, while offering no evidence to support this contention. Rather, the evidence shows that Khaled did in fact know he was distributing a controlled substance. At his change of plea hearing, the Court asked Khaled if he knew he was sending a controlled substance when he committed the instant offense:

> **The Court**: All right. Did you know it was a controlled substance when you sent it?
>
> **Khaled**: Yes, I send it, but I do not know that it was this kind of dangerous.

R. 8-1 at 21-22. The Court then gave Khaled time to speak with his attorney. Once back on the record, the following exchange occurred:

> **The Court**: All right. Sir, it's not really a question of dangerousness. It's a question of whether you know it was a controlled substance that the law doesn't allow you to sell to people. You may not have known the exact amount of it. I'm not sure you would have known that it was 5F-MDP -- MDMB-PINACA. But did you know it was a controlled substance that you should not have been mailing to other people who were buying it from you?
>
> **Khaled**: Yes.

*Id.* at 22-23.

An affidavit from Khaled's former counsel further illustrates that Khaled was aware of the elements of the charges he was pleading to. R. 8-2. In the affidavit, Khaled's former counsel explains that he and Khaled discussed the elements the government would be required to prove (including knowledge); that Khaled communicated, orally and in writing, that he was aware he was distributing a controlled substance; and that counsel did not advise him to plead guilty and would

4

have gone to trial if Khaled wanted. *Id*. The record does not support the claim that Khaled's counsel performed below an objective standard of reasonableness. Rather, it supports the conclusion that counsel was in regular communication with Khaled, made sure Khaled was informed of the charges against him and their elements, and had no reason to believe Khaled was not aware that he distributed a controlled substance.

Furthermore, Khaled affirmed at his change of plea hearing that he had discussed his case with his attorney, that his attorney did everything Khaled wanted him to do, that he had not been coerced or threatened to plead guilty, and that his plea was voluntary. R. 8-1 at 7, 20. Khaled has not offered any "compelling explanation" that would make it appropriate for the Court to find his plea was involuntary despite those statements. *See United States v. Purnell*, 701 F.3d 1186, 1190-91 (7th Cir. 2012) ("We may reject out of hand, absent a compelling explanation, factual allegations that depend on the defendant having committed perjury at a plea hearing.").

## II. Counsel was not Ineffective for Failing to Challenge the Superseding Indictment on Vagueness Grounds.

Khaled argues counsel should have challenged the indictment on the basis that the operative statute – 21 U.S.C. § 841(a) – is unconstitutionally vague. The failure to do so met the objective standard of reasonableness, because an argument that the statute is unconstitutionally vague would have proven unsuccessful.[1]

---

[1] To the extent Khaled attempts to argue vagueness in his petition for the first time (and outside the context of his claim for ineffective assistance or counsel), such

5

"[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a matter that does not encourage arbitrary and discriminatory enforcement." *United States v. Collins*, 272 F.3d 984, 988 (7th Cir. 2001) (quoting *Kolender v. Lawson*, 461 U.S. 352, 357 (1983)). Unconstitutionally vague statutes pose two problems: "(1) they fail to provide due notice so that 'ordinary people can understand what conduct is prohibited,' and (2) 'they encourage arbitrary and discriminatory enforcement.'" *Id.* (quoting *Kolender*, 461 U.S. at 357). Where there is no First Amendment interest raised by a petitioner, the statute is judged for vagueness on an as-applied basis. *Maynard v. Cartwright*, 486 U.S. 356, 361 (1988). There is no First Amendment right at issue here, so Khaled's counsel's constitutional challenge would have been evaluated as the statute applied to the facts of Khaled's case. *Collins*, 272 F.3d at 988.

In his affidavit, Khaled's former counsel states, "given the client's actual knowledge and the relevant case law, there was no viable motion to dismiss the indictment against Mr. Khaled in part or in its entirety." R. 8-2. He was correct. 21 U.S.C. § 841(a)(1) punishes those who "knowingly" engage in the prohibited conduct. "This requirement of the presence of culpable intent as a necessary element of the offense does much to destroy any force in the argument" that § 841(a)(1) is void for

---

claims are procedurally defaulted. *See Dugan v. United States*, 18 F.3d 460, 464 (7th Cir. 1994) ("[A] federal prisoner's failure to raise a constitutional issue on direct appeal bars raising it in a subsequent § 2255 motion unless the defendant can show cause for and actual prejudice resulting from the error of which he complained." (internal citations omitted)).

vagueness. *Collins*, 272 F.3d at 988-89 (citing *Boyce Motor Lines v. United States*, 342 U.S. 337, 342 (1952)). The statute's absolute prohibition against the manufacture, distribution, and possession of controlled substances provides an explicit warning that is in no way vague as applied to Khaled. The government, at trial, would have been required to prove he knowingly distributed a controlled substance, and he admitted as much at his change of plea hearing.

Further, Khaled's counsel was not ineffective for failing to challenge the indictment via a "lack of notice" argument. Khaled alleges 5F-MDMB-PINACA was "still in the process" of obtaining designation as a controlled substance at the time of his offense. R. 1 at 6. The government counters that, although the substance was not permanently listed as a controlled substance, it was nonetheless listed pursuant to 21 U.S.C. § 811(h) in the Federal Register as a Schedule I controlled substance on the "Temporary or Emergency" schedule. R. 8 at 15-16. The government is correct, and the substance's presence on the Federal Register provided Khaled notice of his illegal conduct. *See United States v. Turcotte*, 405 F.3d 515, 535 (7th Cir. 2005) (explaining that a defendant's conduct involving a substance listed as a temporary scheduling under § 811(h) was sufficient to support his conviction, rejecting the argument that such a substance was not properly scheduled as a controlled substance), *vacated on other grounds*, *United States v. Novak*, 841 F.3d 721, 728-29 (7th Cir. 2016); *see also Hamdan v. United States*, No. 19 CV 7105, 2020 WL 4607239, at \*4 (N.D. Ill. Aug. 11, 2020) (rejecting a lack of notice argument, as well as a vagueness argument,

7

where XLR-11 had been temporarily scheduled as a controlled substance pursuant to § 811(h)).[2]

As Khaled's former counsel stated in his affidavit, there was no viable motion to dismiss based on vagueness or a lack of notice. Counsel's performance in representing Khaled was objectively reasonable.

### III. An Evidentiary Hearing is Unnecessary.

Khaled argues in his reply brief that he is entitled to an evidentiary hearing. R. 9 at 3. "A hearing on a motion to withdraw a plea is to be 'routinely granted' if the movant offers any 'substantial evidence that impugns the validity of the plea.' But if no such evidence is offered, or if the allegations advanced in support of the motion are 'mere conclusions or are inherently unreliable,' the motion may be denied without a hearing." *United States v. Messino*, 55 F.3d 1241, 1248 (7th Cir. 1995) (quoting *United States v. Redig*, 27 F.3d 277, 280 (7th Cir. 1994)). Further, if allegations set forth in the motion to withdraw a plea "contradict statements made by a defendant at an acceptance-of-plea hearing which satisfied the requirements of Rule 11, the allegations must overcome the 'presumption of verity' that attaches to such statements." *Id*.

Khaled has not offered substantial evidence which would impugn the validity of his plea. Rather, Khaled's motion and the record in this case conclusively show that he is not entitled to relief. *See Long v. United States*, 847 F.3d 916, 920 (7th Cir. 2017)

---

[2] To the extent Khaled argues actual innocence by contending he could not reasonably have known he was distributing a controlled substance, that argument fails for the same reasons.

8

("[A] district court need not grant an evidentiary hearing if 'the motion and files and records of the case conclusively show that the prisoner is entitled to no relief' or 'if the petitioner makes allegations that are vague, conclusory, or palpably incredible, rather than detailed and specific.'" (quoting *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015)).

Additionally, the government's submission of the affidavit from Khaled's former counsel—in which he states he and Khaled had numerous discussions about the elements of the charged offenses and that it was clear Khaled knew of the controlled nature of the substances—comports with the factual record before the Court and further diminishes any need for an evidentiary hearing. R. 8-2; *see Ryan v. United States*, 657 F.3d 604, 608 (7th Cir. 2011) (noting that the district court could instruct a petitioner to supply missing details or permit the government to submit an affidavit from counsel rather than conducting a hearing); *Lafuente v. United States*, 617 F.3d 944, 946-47 (7th Cir. 2010) (noting that the government could "obviate the need for an evidentiary hearing" by confirming through an affidavit certain factual issues); *Spiller v. United States*, 855 F.3d 751, 756 (7th Cir. 2017) (no abuse of discretion to deny an evidentiary hearing where petitioner's former counsel's email to the government verified that her representation was effective).

## IV. Certificate of Appealability

The Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). Rule 11(a) of the Rules Governing § 2255 Proceedings provides that the district court "must issue or deny a certificate of appealability when it enters a final

9

order adverse to the applicant." *See Gonzalez v. Thaler*, 565 U.S. 134, 143 n.5 (2012). To obtain a certificate, a habeas petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This demonstration "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).; *see also Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011). Here, the Court's denial of Khaled's petition relies on application of well-settled precedent, as well as the developed record which does not provide a basis for withdrawal of his guilty plea. Accordingly, certification of Khaled's claims for appellate review is denied.

## Conclusion

For the foregoing reasons, Khaled's petition is denied. His surrender date of November 1, 2021 stands, and he is ordered to surrender to the institution where he has been designated by 12:00 p.m. on that date.

ENTERED:

*Thomas M. Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: October 18, 2021